**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUPASTAR WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01503-RWS |
| | ) | |
| JOHN BOYLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Supastar Ware's application to proceed in district court without prepayment of fees and costs. Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court will deny the application and order Plaintiff to pay the full filing fee.

## 28 U.S.C. § 1915(g)

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if they have filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of the Court's files shows that Plaintiff previously brought three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. *See Ware v. Centurion Health Care*, No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *Ware v. Foley*, No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr.*, No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *see also Ware v. Missouri Dep't of Corr.*, No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing Plaintiff's action under § 1983(g)); *Ware v. Galibert*, No. 2:25-cv-4246-BCW (W.D. Mo. Oct. 28, 2025) (same). Therefore, the Court cannot permit Plaintiff to proceed in forma pauperis absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against 17 Defendants employed by the Missouri Department of Corrections (MDOC). Plaintiff's complaint is 24 handwritten pages, comprising 10 claims. These claims can be summarized as follows: (1) Sgt. Boyles fabricated a conduct violation; (2) Sgt. Damm took written kite to a back office about wrongful housing assignment, disregarded by staff; (3) Plaintiff wrongfully placed on suicide watch and issued a conduct violation because Plaintiff reported blood on cell walls; (4) "moved due to brother requesting 'fear for safety,'" mail tampering and officials refused to "Transfer from Institution" (Doc. 1 at 8); (5) high protein diet not issued, "TRANSFER to Private Residential ('Needed') 'Due' to ('Poison') Ongoing HIV/AIDS TRANSFER" (*Id.*); (6) denied access to law library; (7) failed to issue ramification form for lock-up in housing unit two; (8) disregarded health services requests for high protein diet, back pain, and neck pain, "('failed') to uphold federal guideline regarding 'LGTBQIA' inmates, mental health patient and ('kidnapp')" (Doc. 1 at 9); (9) treated

poorly in segregation unit for four months, no advocacy unless on suicide watch; and (10) inadequate training for staff, reports of sexual misconduct in 2022 and 2023 but Plaintiff not transferred. With each allegation, Plaintiff asks the Court to refer to camera and audio data from prison.

Plaintiff then alleges staff has retaliated against him since he first filed suit in June 2024.[1] He repeats allegations of past physical and sexual assaults and mail tampering. Plaintiff also realleges facts from *Ware v. Wilson*, No. 4:25-cv-1516-JMB (E.D. Mo. dismissed Dec. 17, 2025), in which he alleged guards attempted to murder him ("placed 'HIT' on me") by intentionally having an HIV positive inmate spit on him. Doc. 1 at 10. He also alleges he went on an undocumented hunger strike for four days in March 2025.[2] *Id.*

For relief, Plaintiff handwrites seven pages of various forms of relief he seeks, including immediate transfer, an office suite in the Wright Building, wardrobe for his chosen staff, retail accounts at Barneys, Bloomingdales, and other high-end retailers, "wanna pop my shot here with the boys for 3 weeks with [illegible] all property teeth done just all lit ass god fearing snack natural everything!!" Doc. 1 at 14. He also seeks crystal meth, cocaine, heroin, and Newports, "a special device created to keep lips pink and remove fiber glass remove anything that tampers with vocal cords," and condoms. *Id.*

[1] Plaintiff has filed 21 prior cases alleging similar constitutional violations.

[2] Many of Plaintiff's allegations are factually frivolous under *Denton v. Hernandez*, 504 U.S. 25 (1992). For example, Plaintiff continues to maintain that the CIA has implanted an "antagonizing device" in his body "via ancestry." Doc. 1 at 12.

## Discussion

The Court does not find that Plaintiff's allegations are causing him to be under imminent danger of serious physical injury as required to trigger the exception to the three-strike rule. The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see, e.g.*, *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (finding plaintiff faced imminent danger where infection spreading in his mouth required five tooth extractions and he needed two more extractions that were being unconstitutionally delayed). Plaintiff's ten new claims do not allege imminent danger, and his complaint otherwise refers to past conduct from 2022 to 2025. Doc. 1 at 10.

Viewed in the light most favorable to Plaintiff, the Court does not find an imminent danger of serious physical injury sufficient to avoid the three-strikes bar. Because Plaintiff's complaint does not fall under this exception to § 1915(g), the Court will deny Plaintiff's application to proceed in district court without prepayment of fees and costs. Plaintiff shall pay the $405 filing fee within 21 days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **DENIED**. (Doc. 2)

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee within 21 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 25th day of September, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE